# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANTHONY C. DOWELL,

        Petitioner,        :       Case No. 3:21-cv-271

  - vs -                           District Judge Michael J. Newman
                                    Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden,
  London Correctional Institution,

                                        :
        Respondent.

## REPORT AND RECOMMENDATION

This habeas corpus case, brought *pro se* by Petitioner Anthony Dowell to obtain relief from his conviction in the Miami County Court of Common Pleas, is before the Court for decision on the merits. Relevant pleadings are the Petition (ECF No. 3), the State Court Record (ECF No. 14), the Return of Writ (ECF No. 15), and Petitioner's Reply (ECF No. 17).

**Litigation History**

On June 7, 2016, the Miami County Grand Jury indicted Dowell on two counts of sexual battery in violation of Ohio Revised Code § 2907.03(A)(5) (Counts 1 and 2). (State Court Record, ECF No. 4, Exhibit 1, Indictment, PageID 207).

On November 14, 2016, Dowell waived his right to indictment and consented to be prosecuted by information. *Id.* at Ex. 4. That same day the prosecutor issued a bill of information charging Dowell

1

with two counts of child abuse/endangering in violation of Ohio Revised Code § 2919.22(B)(2)/(E)(3) (Counts 1 and 2), and one count of sexual imposition in violation of Ohio Revised Code § 2907.06(A)(4) (Count 3). Dowell entered a guilty plea that day. (Exhibit 5, Information, ECF No. 14, PageID 217). Dowell then petitioned the court to enter his guilty plea to the three counts of the information, with the State requesting the dismissal of the two sexual battery charges of the indictment. The parties recommended a 5-year sentence. (Exhibit 6, Petition to Enter Guilty Plea, ECF No. 14, PageID 18). The trial court then issued an entry accepting Dowell's plea and the State dismissed the charges of the June 7, 2016, indictment. (Exhibit 7, Entry, ECF No. 14, PageID 225).

With the consent of the prosecutor, Dowell was permitted to withdraw his guilty plea. *Id.* Ex. 12.  Dowell waived his right to a jury trial and was convicted at a bench trial. *Id.* at Ex. 15.  The court then imposed an aggregate sentence of eight years. *Id.* Dowell appealed, but the trial court judgment was affirmed.  *State v. Dowell,* 2018-Ohio-4044 (Ohio App. 2nd Dist. Oct. 5, 2018).  Dowell did not appeal to the Supreme Court of Ohio.

On January 9, 2019. Dowell moved to reopen his direct appeal under Ohio R. App. P. 26(B), claiming ineffective assistance of appellate counsel in failing to raise eight assignments of error. (State Court Record, ECF No. 14, Ex. 23).  The Second District denied reopening. *Id.* at Ex. 24 and Dowell did not appeal to the Supreme Court of Ohio.

On May 16, 2018, Dowell filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 raising seven grounds for relief (State Court Record, ECF No. 14, Ex. 25).  A year later on May 28, 2019, he filed a motion for leave to file a delayed motion for new trial. *Id.* at Ex. 29.  On June 17, 2019, Dowell filed a second amended petition for post-conviction relief, adding three additional grounds for relief. *Id.* at Ex. 34.  Dowell filed another motion for leave to file a motion for new trial on June 24, 2019. *Id.* at Ex. 35.

On July 8, 2019, the trial court denied Dowell's motions to vacate the judgment of conviction.

2

*Id.* at Ex. 36. On January 3, 2020, the court denied both of Dowell's motions for new trial, concluding that the issues raised were identical to those raised in the first motion to vacate judgment and were thus barred by *res judicata*. *Id.* at Ex. 37. Dowell appealed, but the Second District affirmed. *State v. Dowell,* 2020-Ohio-1306 (Ohio App. 2d Dist. Apr. 3, 2020). Dowell did not appeal to the Ohio Supreme Court.

Dowell filed his Petition in this Court by depositing it in the prison mail system on September 22, 2021. He pleads the following grounds for relief:

> **Ground One**: Witness misconduct of Amy Behm and Detective William Thomas for knowingly making false and misleading testimony to affect the outcome.
>
> **Supporting Facts:** Amy testified that I told Amy two confessions of guilt. However, Amy is recorded multiple times saying that I did not tell Amy the confessions, and recorded statements that greatly contradicted Amy's testimony to the alleged confessions, time frames, and even told Thomas that Amy only has suspicion, but was helping with the situation for a change of custody, and that Amy "will say whatever" even at trial. The court said it was the most notable evidence for convicting me. Thomas perjured his testimony to corroborate Amy's testimony.
>
> **Ground Two**: Prosecutorial misconduct for knowingly using perjured testimony and making improper assertions.
>
> **Supporting Facts**: Prosecuting attorney Paul Watkins filed an admission to reviewing Amy Behm's recorded interview where she told Det. Thomas that I did NOT tell her the confession to the original allegation, but has Amy testify that I did confess to her in 2015. And that Amy only had suspicion, but will say whatever even at trial. Watkins also knew that Thomas did not ask Amy precise questions about penetration, so Watkins asked Thomas misleading questions for Thomas to give misleading answers. And Watkins made improper assertions about J spending time out of my house, saying that I agreed that I was guilty, and even said that Amy had nothing to gain by testifying in favor of me being convicted, when Amy did gain from my conviction.
>
> **Ground Three:** Ineffective assistance of counsel for not letting me talk to him about the case, refusing my requests to testify, and failing

3

>   to interview/ investigate, and present the proof that the witnesses were lying.
>   *
>   **Ground Four**: Unlawful sentencing. I ordered to serve consecutive sentences when no evidence was presented to support the finding used for the order.
>
>   **Supporting Facts**: Trial judge made the finding that I caused serious psychological harm that was great and unusual that single term was not enough to punish me and protect the public. But there was no expert witness to this, no testimony to any psychological harm, the accusing witness never had any psychological harm, the accusing witness never had psychological evaluation and was not in any counseling during the whole 13 months from the day of the original allegation to the trial. It was even pointed out that she did not display any emotions associated with allegation Nothing that would support the finding of serious harm.

(Petition, ECF No. 3, Page ID 54-59).

# Analysis

**The Statute of Limitations**

The Warden asserts the entire Petition should be dismissed because it is barred by the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA")(Return, ECF No. 15, PageID 1003).  As the Warden notes, that period runs from the date on which a conviction becomes final.  *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 460 (6th Cir. 2012).  The running of the statute can be interrupted or "tolled" by properly filing an action for collateral review of the conviction, such as a petition for post-conviction relief or a motion for new trial, but only so long as those actions are pending.

The Warden calculates the running of the statute in this case as follows:  Dowell was sentenced March 15, 2017, and he timely appealed, with the Second District affirming his conviction on October

4

5, 2018. Because he did not appeal to the Supreme Court of Ohio, the statute would have begun to run when his time for that appeal expired, forty-five days later on November 19, 2018. Dowell's filings for post-conviction relief and for a new trial tolled the statute while they were pending, but the last of those filings was completed August 6, 2020[1]. Dowell's time to appeal to the Supreme Court of Ohio expired forty-five days later and he did not successfully appeal. Thus the statute began to run September 21, 2020, and expired one year later on September 21, 2021. Dowell did not file until the next day.

Dowell presents a competing chronology. He asserts, correctly, that the Second District's decision was rendered on August 6, 2020 (Traverse, ECF No. 17, PageID 1021)[2]. Forty-five days later is September 20, 2020. Because that date was a Sunday, Dowell's time to appeal to the Supreme Court of Ohio did not expire until the next day, September 21, 2020. Sup. Ct. R. Prac. 3.03(A)(1).

Dowell does not claim he ever actually filed in the Supreme Court of Ohio. Instead, he asserts the Supreme Court "denied the filing of his appeal" on September 22, 2020 (Traverse, ECF No. 17, PageID 2022). Therefore, he reasons, his time to file his Petition expired a year later September 22, 2021, but that is the day he actually did file in this Court. *Id.* at PageID 1022.

Dowell miscalculates. Because his appeal was never accepted for filing in the Supreme Court of Ohio, the statute began to run on the last day the Clerk of the Supreme Court could have accepted his filing, September 21, 2020. He admits he knew the very next day, September 22, 2020, that the Supreme Court had denied his filing that day. Under Fed.R.Civ.P. 6, in federal court we count the date from which a time period is calculated through the last day of the period. 365 days after September 21, 2020, is September 21, 2021. Dowell submitted his Petition to the prison mail room on September 22, 2021, a day later (Traverse, ECF No. 3, PageID 63). Because of the prison mailbox rule of *Houston*

---

[1] The Warden incorrectly gives this date as April 6, 2020, when the Court of Appeals first decided these post-judgment motions. The correct date is August 6, 2020, when that court denied reconsideration.
[2] A litigant's time to appeal to the Supreme Court of Ohio runs from the date of the entry. Ohio Sup. Ct. R. Prac. 6.01(A)(1).

*v. Lack,* 487 U.S. 266 (1988), that counts as the date of filing for his habeas petition. But the mailbox rule has not been adopted by the Ohio Supreme Court, *State, ex rel Tyler, v. Alexander*, 52 Ohio St. 3d 84 (1990)(noting that *Houston* is not a constitutional decision and finding its logic unpersuasive), nor is it required to by the Constitution. The mailbox rule is not binding on the States. *Maples v. Stegall*, 340 F.3d 433 (6th Cir. 2003); *Adams v. LeMaster,* 223 F.3d 1177, 1183 (10th Cir. 2000).

Why it is that Petitioner knew his filing in the Ohio Supreme Court was rejected by that court on September 21, 2010, and then waited a year and a day until September 22, 2021, to file in this Court is completely unexplained, but its import is that the Petition must be dismissed with prejudice without reaching the merits.

**Conclusion**

Because the Petition was filed a day later than the deadline set by Congress in the AEDPA, it must be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 10, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #