# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANTHONY C. DOWELL,

        Petitioner,    :    Case No. 3:21-cv-271

- vs -    District Judge Michael J. Newman
    Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden,
  London Correctional Institution,

         :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATION

This habeas corpus case, brought *pro se* by Petitioner Anthony Dowell to obtain relief from his conviction in the Miami County Court of Common Pleas, is before the Court on Petitioner's Objections (ECF No. 19) to the Magistrate Judge's Report and Recommendation recommending the Petition be dismissed as barred by the statute of limitations (ECF No. 18). District Judge Newman has recommitted the case for reconsideration in light of the Objections (ECF No. 20).

Under 28 U.S.C. § 2244(d), adopted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), a one-year statute of limitations runs from the date a conviction becomes final unless a later date is provided by the statute. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 460 (6th Cir. 2012).

    28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

> judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The parties agree the relevant starting date is provided by § 2244(d)(1)(A) at the conclusion of direct review. There is no dispute that Dowell was sentenced March 15, 2017, and he timely appealed, with the Second District affirming his conviction on October 5, 2018. Because he did not appeal to the Supreme Court of Ohio, his conviction became final on direct review on that date and the statute would have begun to run when his time for that appeal expired, forty-five days later on November 19, 2018.

There is also no disagreement that Dowell "properly filed" collateral attacks on the judgment which tolled the statute until August 6, 2020, when the court of appeals denied his motion for reconsideration of its affirmance of the trial court's denial of his petitions to vacate the judgment (Decision and Entry, State Court Record, ECF No. 14, Ex. 47). Once those properly filed

collateral attacks were complete, however, the statute began to run and continued to run until or unless Dowell properly filed another collateral attack or appealed from the August 6, 2020, affirmance.

Dowell attempted to appeal from that decision. By his account, his appeal was required to be filed by September 20, 2020, with the time extended by Ohio S. Ct. Prac. R. 3.03(A)(1) until the next day because September 20, 2020, was a Sunday (Reply, ECF No. 17, PageID 2021). Dowell asserts

> This tolled Dowell's deadline to appeal to September 21, 2020. Dowell mailed his appeal through prison staff on September 17, 2020. That provided at least three days for postal travel – September 18th, 19th, and 21st (Friday, Saturday, and Monday).
>
> Dowell received the denial of Dowell's appeal dated September 22, 2020. The Ohio Supreme Court denied the filing of Dowell's appeal September 22, 2020. Therefore Dowell's time limitation to file a petition for writ of habeas corpus relief was September 22, 2021, the day Dowell timely filed his Petition.
>
> Dowell's Petition is NOT time barred.

(Reply, ECF No. 17, PageID 1022).

As Dowell himself admits, the Supreme Court of Ohio never filed his appeal. We do not know whether they refused his appeal by marking it "received" but not "filed, which has sometimes been that court's practice with tendered but untimely filings, because he has not furnished this Court with a copy of the attempted filing.

Dowell claims he deposited his appeal papers in the prison mail system on September 17, 2020, and the Court takes him at his word. However, his papers did not reach the Supreme Court until September 22, 2020, a day later than the Ohio Supreme Court's filing deadline, and the Clerk of that court refused to accept them.

Dowell claims the prison staff denied him access to the courts by not mailing his appeal

3

until September 21, 2020, but he has no proof of this except his inference from the fact that it took only one day for the Supreme Court's denial of filing to get back to him (Reply, ECF No. 17, PageID 1023).  No documentary proof of this fact is provided.  It could well be that the Postal Service intentionally processes mail from the Ohio Supreme Court to the prison faster than mail in the opposite direction.  So far at this Court is aware neither the U.S. Supreme Court nor the Sixth Circuit has held the constitutional right of access to the courts implies a right of delivery within a certain amount of time.

If Dowell had been mailing a filing to this Court, he would have been entitled to the benefit of the mail box rule which deems a prisoner's mail to the Court is filed when it is deposited in the prison's mail system.  But Ohio does not follow that rule and it is not constitutionally required to do so.  The mailbox rule is not binding on the States.  *Maples v. Stegall*, 340 F.3d 433 (6th Cir. 2003); *Adams v. LeMaster,* 223 F.3d 1177, 1183 (10th Cir. 2000).  Ohio has refused to adopt the mailbox rule.  *State, ex rel Tyler, v. Alexander*, 52 Ohio St. 3d 84 (1990)(noting that *Houston* is not a constitutional decision and finding its logic unpersuasive.)

In his Objections, Dowell claims his filing was timely because made on September 22, 2021, counting his one year from the date the Ohio Supreme Court refused his appellate filing (Objections, ECF No. 19, PageID 1091).  However, the running of the statute is expressly tolled only by a "properly filed" collateral attack.  In *Artuz v. Bennett*, 531 U.S. 4 (2000), Justice Scalia wrote for a unanimous court:

> [A]n application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, (footnote omitted) the court and office in which it must be lodged, and the requisite filing fee. ... [T]he question whether an application has been "properly filed" is quite separate from the question whether the

4

> claims *contained in the application* are meritorious and free of procedural bar.

531 U.S. at 8.

Dowell's appeal to the Supreme Court of Ohio was simply not "properly filed" and therefore its did not toll the statute.

In his Objections, Dowell offers an alternative theory. After the first appeal came back unfiled, he claims he re-submitted to the Supreme Court of Ohio. This time he says the attempted filing was rejected because papers were submitted together which were supposed to be filed separately (Objections, ECF No. 19, PageID 1091. He was told he could fix the problem and try again. *Id.* He received this second notice of denial of filing on October 5, 2020, which he believes re-set the limitations date to October 5, 2021. *Id.* Because his actual filing in this Court was made September 22, 2021, he reasons he was two weeks early because the second denial started the clock over. *Id.*

This reading of "properly filed" would make no sense of the statutory language: it would mean the one-year limit was started over every time a Supreme Court filing was denied, not that the statute was tolled by a proper filing.

Statutory language is often imprecise and therefore open to different interpretations, but some statutory terms are quite determinate. 28 U.S.C. § 2244(d)(1) provides a "1-year period of limitation. . . ." A year is 365 days, not 366. The Petition in this case should therefore be dismissed.

May 2, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

5

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.